**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CARLTON ROARK, <br><br> Debtor, <br> _____ <br><br> CARLTON ROARK, <br><br> Appellant, <br><br> v. <br><br> LESLIE T. GLADSTONE, Trustee; et al., <br><br> Appellees. | No. 21-55040 <br><br> D.C. No. 3:19-cv-02117-TWR-WVG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Chapter 7 debtor Carlton Roark appeals pro se from the district court's

judgment affirming the bankruptcy court's order denying Roark's motion for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsideration of a settlement agreement. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and we apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not abuse its discretion by denying Roark's motion for reconsideration of a settlement agreement because Roark failed to establish any basis for relief. *See* Fed. R. Bankr. P. 9024 (providing that Federal Rule of Civil Procedure 60 applies to motions for relief from a judgment or order in a bankruptcy case); *Sch. Dist. No. 1J, Multnomah County., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 60); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**